United States District Court
Southern District of Texas
**ENTERED**
March 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MA DOLORES LARA ENRIQUEZ a.n.f. of CESAR RAMIREZ, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-23-3498 |
| v. | § § | |
| JP MORGAN CHASE BANK, N.A., | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Ma Dolores Lara Enriquez ("Plaintiff") brought this action as next friend of her son, Cesar Ramirez ("Decedent"), against JP Morgan Chase Bank ("Defendant").[1] Plaintiff alleges that her son was killed in the parking lot of Defendant's branch location and asserts claims for premises liability, negligence, and gross negligence under Texas law.[2] Pending before the court is Defendant

---

[1] Plaintiff's Original Petition ("Complaint"), Exhibit B to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

Plaintiff was represented in this case by legal counsel until Plaintiff's counsel moved to withdraw, notifying the court that Plaintiff had become "unresponsive." (Plaintiff's Counsel's Unopposed Motion to Withdraw, Docket Entry No. 10, p. 1 ¶ 1) The court granted Plaintiff's counsel's motion on June 28, 2024 (Order, Docket Entry No. 11), and Plaintiff has since proceeded pro se.

[2] Complaint, Docket Entry No. 1-3, pp. 2-5 ¶¶ 7-23. Plaintiff styles her claim as "Premises Liability—Negligence and Gross

(continued...)

JP Morgan Chase Bank, N.A.'s Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 12). For the reasons stated below, the court will grant Defendant's MSJ and dismiss all claims with prejudice.

## I. Background

On August 22, 2023, Plaintiff brought this action in the 152nd District Court of Harris County, Texas.[3] The Complaint alleges that Decedent "arranged to meet with a buyer" of Decedent's PlayStation, which Decedent sold through Facebook Marketplace, at the Chase Bank branch located at 6103 N. Fry Rd., Katy, Texas 77449.[4] "The would-be buyer robbed and assaulted [Decedent], who suffered fatal wounds."[5] Plaintiff alleges claims for premises liability, general negligence, and gross negligence.[6]

---

[2](...continued)
Negligence." Id. at 3. Defendant argues it is entitled to summary judgment on Plaintiff's "claim for negligence" and, separately, "claim of gross negligence," while arguing Defendant's duty is based on Decedent's status as a trespasser. (Docket Entry No. 12, pp. 9-10) The parties' formulations make it unclear whether Plaintiff is bringing a premises liability claim based on theories of negligence and gross negligence or three separate claims of premises liability, negligence, and gross negligence. As the court explains below, it will analyze Plaintiff's allegations under each of these three separate claims. See infra § III.A.

[3]Complaint, Docket Entry No. 1-3, p. 1.

[4]Id. at 2 ¶¶ 7, 10.

[5]Id. at 2-3 ¶ 11.

[6]Id. at 3-5 ¶¶ 12-23. See supra n.2.

-2-

On September 18, 2023, Defendant removed the action to this court.[7] After the assigned judge recused himself, the case was reassigned to the undersigned judge.[8] Defendant filed its MSJ on October 29, 2024.[9] Defendant argues that Plaintiff's claims fail as a matter of law because Defendant owed no duty to Decedent and did not proximately cause Decedent's injuries.[10] On November 8, 2024, Defendant moved to stay all case-management deadlines, and the court granted that motion on November 12, 2024.[11] Plaintiff has not filed a response to Defendant's MSJ.[12]

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

---

[7] Notice of Removal, Docket Entry No. 1.

[8] Order of Recusal, Docket Entry No. 2.

[9] Defendant's MSJ, Docket Entry No. 12.

[10] Id. at 9.

[11] Defendant JP Morgan Chase Bank, N.A.'s Motion to Stay Current Deadlines, Docket Entry No. 13; Order, Docket Entry No. 14.

[12] Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendant's MSJ within 21 days, the motion is treated as unopposed. See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."). But Plaintiff's failure to respond is not in itself grounds for granting the motion. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the merits of the motion to determine whether summary judgment is warranted. See id.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Id. 56(c)(1)(A). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Id. at 2554.

### III.  **Analysis**

The court considers Defendant's motion first as to Plaintiff's premises liability claim and then as to Plaintiff's general negligence and gross negligence claims. See supra n.2. Finding that Defendant did not breach its duty to Decedent, the court will grant Defendant's MSJ as to Plaintiff's premises liability claim. Finding no evidence of contemporaneous activity by Defendant, the court will grant Defendant's MSJ as to Plaintiff's general negligence claim. Finding no viable underlying claim for general negligence, the court will also grant the motion as to Plaintiff's gross negligence claim.

## A.   Premises Liability v. Negligent Activity

Plaintiff contends that as the owner and operator of the bank branch location where Decedent was killed, "Defendant owed Plaintiff and their family the duty to warn and protect their clients and her family from criminal acts of third parties," including the criminal act that killed Decedent, and that Defendant's breach of this duty proximately caused Decedent's death.[13]

Parties in control of premises "may be liable for two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect." Clayton W. Williams, Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997). Negligent activity and premises liability claims "involve closely related but distinct duty analyses." Western Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

> In a negligent-activity case, a property owner or occupier must "do what a person of ordinary prudence in the same or similar circumstances would have . . . done," whereas a property owner or occupier in a premises liability case must "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about."

United Scaffolding, Inc. v. Levine, 537 S.W.3d 463, 471 (Tex. 2017) (quoting Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d

---

[13]Complaint, Docket Entry No. 1-3, pp. 2-3 ¶¶ 7, 13-16.

749, 753 (Tex. 1998) (alteration in Timberwalk)). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." Del Lago Partners, Inc. v. Smith, 307 S.W.3d 762, 776 (Tex. 2010).

"Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). When a claim does not result from contemporaneous activity, the claimant has no negligent-activity claim, and [his] claim sounds exclusively in premises-defect." City of Houston v. Gonzales, No. 14-20-00165-CV, 2021 WL 2154155, at *4 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.).

B. **Premises Liability**

"Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." King v. Bigler LP, Civil Action No. H-10-0580, 2011 WL 1542737, at *4 (S.D. Tex. Apr. 20, 2011) (quoting Western Investments, Inc., 162 S.W.3d at 550) (internal quotation marks omitted). Under Texas law a plaintiff can be an invitee, a licensee, or a trespasser. Holder v. Mellon

-6-

Mortgage Co., 954 S.W.2d 786, 795-96 (Tex. App.—Houston [14th Dist.] 1997), rev'd on other grounds, 5 S.W.3d 654 (Tex. 1999) (plurality op.). An invitee is a person who enters the owner's or possessor's premises in response to an express or implied invitation from the owner or possessor for their mutual benefit. Rosas v. Buddies Food Store, 518 S.W.2d 534, 536 (Tex. 1975). A licensee is a visitor to a business establishment who is on the premises "solely for the visitor's own purpose in which the possessor of the property has no interest, either business or social, and to whom the privilege of entering is extended as a mere favor by express consent or by general custom." Holder, 954 S.W.2d at 798 (collecting cases). A trespasser is "one who enters property of another without any right, lawful authority or express or implied invitation, permission, or license, and not in performance of any duties for the owner, but merely for his own purposes, pleasure or convenience." Id. at 796.

Plaintiff contends that Decedent was an invitee.[14] By contrast, Defendant asserts that Decedent was a trespasser.[15] Based on the circumstances of this case, the court finds neither is correct; rather, Decedent was a licensee. Texas courts routinely recognize individuals injured in parking lots, including

---

[14]Complaint, Docket Entry No. 1-3, p. 3 ¶ 12.

[15]Defendant's MSJ, Docket Entry No. 12, pp. 10-12.

pedestrians taking short cuts through parking lots, as licensees. See Holder, 954 S.W.2d at 798-99 (collecting cases). Decedent's presence in Defendant's parking lot was solely for Decedent's own purpose of meeting a potential buyer of Decedent's PlayStation.[16] Defendant had no interest in Decedent's arranged meeting with a buyer, and Plaintiff offers no evidence of any connection between Defendant and Decedent other than the fact that Decedent "arranged to meet with a buyer at [Defendant's] location."[17] Decedent was lawfully present in Defendant's parking lot based on the general custom of public use of businesses' open parking lots for personal purposes. See Boss v. Prince's Drive-Ins, 401 S.W.2d 140, 142 (Tex. App.—Waco 1996, writ ref'd n.r.e.) (finding the injured individual a licensee when he was threatened with assault in a restaurant parking lot). As a result, Decedent was a licensee when he was fatally injured.

A premises owner does not owe a licensee a duty of reasonable care, but a premises owner has a duty not to injure the licensee "willfully, wantonly, or through gross negligence." Holder, 954 S.W.2d at 796. Additionally, when a premises owner "has actual knowledge of a dangerous condition and the licensee does not," the premises owner owes a licensee "a duty either to warn the licensee

---

[16] Complaint, Docket Entry No. 1-3, p. 2 ¶ 10.

[17] Id.

of the known dangerous condition or to make the condition reasonably safe." Id. "A licensee is imputed with knowledge of those conditions perceptible to him, or the existence of which can be inferred from facts within his present or past knowledge." Id.

Defendant argues that it owed no duty to Decedent as a trespasser and no common-law duty to Decedent under the risk-utility test.[18]  Neither argument prevails because the proper duty analysis is that owed to a licensee.  But Plaintiff provides no evidence that Defendant had actual knowledge of criminal activity on or around Defendant's property.  Instead, Plaintiff asserts in a conclusory fashion that "[t]here has been a well-known and longstanding pattern of criminal activity at this particular branch" and that "Defendant certainly knew of these risks in this specific banking location, reflected in the number of crimes — including burglaries, assaults and rapes — occurring in the immediate vicinity of the bank in the three years preceding" Decedent's death.[19]  Plaintiff provides no evidence to support these allegations.  Without more, Plaintiff fails to demonstrate how Defendant injured Decedent "willfully, wantonly, or through gross negligence" and fails to establish Defendant's actual knowledge of a dangerous condition on the premises.  See Holder, 954 S.W.2d at

---

[18]Defendant's MSJ, Docket Entry No. 12, pp. 15-17.

[19]Complaint, Docket Entry No. 1-3, pp. 2-3 ¶¶ 8, 13.

796. Accordingly, the court finds Defendant did not breach its duty to Decedent and therefore will grant Defendant's MSJ on Plaintiff's premises liability claim.

## C. Negligence

To the extent Plaintiff brings a general negligence claim separate from her premises liability claim, Plaintiff's general negligence claim also fails. To prevail on a general negligence claim, "the claimant's injury must result from the defendant's contemporaneous activity." Vasquez v. Fiesta Mart, LLC, Civil Action No. H-22-2546, 2024 WL 495269, at *2 n.12 (S.D. Tex. Feb. 8, 2024) (quoting Mangham v. YMCA of Austin, Texas-Hays Communities, 408 S.W.3d 923, 929 (Tex. App.—Austin 2013, no pet.)). "Essential to any recovery on a negligent-activity theory is a showing that the person has been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." Id. (quoting Keetch, 845 S.W.2d at 264) (internal quotation marks omitted). Plaintiff does not offer any evidence of contemporaneous activity by Defendant that caused Decedent's injuries. As a result, summary judgment on Plaintiff's general negligence claim is warranted.

## D. Gross Negligence

"A plaintiff who cannot support a cause of action for negligence cannot recover for gross negligence because a finding of

-10-

ordinary negligence is a prerequisite to a finding of gross negligence." Dekelaita v. BP Amoco Chemical Co., Civil Action No. G-07-0131, 2008 WL 2964376, at *15 (S.D. Tex. July 30, 2008) (collecting cases). Because Plaintiff has not shown any legal basis for her negligence claim, her gross negligence claim fails as a matter of law.

### IV. Conclusion

Defendant did not breach its duty to Decedent as a licensee. Moreover, Plaintiff has not offered evidence to support her general negligence claim, and without a viable general negligence claim, Plaintiff's gross negligence claim fails. Defendant's Motion for Summary Judgment (Docket Entry No. 12) is therefore **GRANTED,** and this case will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 6th day of March, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE